*E-Filed: November 12, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DMITRY VYATKIN, | No. C13-03725 HRL |
| Plaintiff, | **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT** |
| v. | |
| INTEL CORPORATION, | |
| Defendant. | |

Dmitry Vyatkin sues Intel Corporation pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Presently before the court is Plaintiff's application to proceed in forma pauperis. A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the plaintiff's financial resources alone and then independently determin[e] whether to dismiss the complaint." *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). Plaintiff's application indicates that his assets and income are insufficient to enable him to prosecute this action. Accordingly, his application to proceed without the payment of the filing fee is GRANTED.

However, the Court's grant of Plaintiff's IFP application does not mean that he may continue to prosecute his complaint. A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on

1 which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from
2 such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "[F]ederal courts [are] to liberally construe the
3 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)
4 (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). "Pro se plaintiffs proceeding IFP must
5 also be given an opportunity to amend their complaint unless it is absolutely clear that the
6 deficiencies of the complaint could not be cured by amendment." *Franklin*, 745 F.2d at 1228, n.9
7 (internal quotation marks omitted).

8 "In order to bring a Title VII claim in district court, a plaintiff must first exhaust her
9 administrative remedies." *Sommatino v. U.S.*, 255 F.3d 704, 707 (9th Cir. 2001). "[F]ailure to file a
10 timely EEOC administrative complaint is not a jurisdictional prerequisite to a Title VII claim, but it
11 is merely a statutory requirement subject to waiver, estoppel and equitable tolling." *Id.* at 708
12 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). However, "substantial
13 compliance with the presentment of discrimination complaints to an appropriate administrative
14 agency *is* a jurisdictional prerequisite." *Id.* "[W]here a plaintiff has never presented a
15 discrimination complaint to the appropriate administrative authority . . . the district court does not
16 have subject matter jurisdiction." *Id.*

17 The form complaint filled out by Plaintiff specifically asks for the date he filed charges with
18 the Federal EEOC and the date he received the EEOC's Notice-of-Right-to-Sue letter. In the spaces
19 provided, Plaintiff merely wrote "not applicable," suggesting that he has not filed a complaint with
20 the EEOC. Nor does Plaintiff allege that he has presented his discrimination complaint to any other
21 appropriate administrative agency. Accordingly, Plaintiff's complaint is dismissed with leave to
22 amend.

23 Additionally, Plaintiff has failed to state a claim on which relief may be granted. Title VII
24 generally prohibits an employer's refusal to hire an individual on the basis of "race, color, religion,
25 sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Here, however, Plaintiff merely alleges he was
26 discriminated against because Intel refused to give a legal reason for not selecting him for an
27 interview, and therefore, Plaintiff believes the reason is illegal. Furthermore, he concedes that the
28 discrimination is on an "unknown basis." Plaintiff does not sufficiently allege a factual basis for the

conclusory allegation that he was discriminated against on the basis of race, color, religion, sex, or national origin. Accordingly, the complaint is also dismissed with leave to amend on the grounds that it fails to state a claim.

Should Plaintiff choose to file an amended complaint, Plaintiff is encouraged to first seek administrative relief and then sufficiently allege that he has exhausted such administrative remedies. Plaintiff must also specifically allege an impermissible basis for the discrimination, i.e. race, color, religion, sex, or national origin, as well as provide some plausible factual basis to support his assertion.

**IT IS SO ORDERED.**

Dated: November 12, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-03725 HRL Notice will be mailed to:**

Dmitry Vyatkin
Timurovskaya Street, 9-76
Saint Petersburg, Russia 195297
Russian Federation

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**