Notice of Appeal to a Court of Appeals From Order of a District Court

United States District Court for the Northern District of California San Jose Division

File Number C13-03725 HRL

Dmitry Vyatkin,
    Plaintiff,

v.

Intel Corporation,
    Defendant.

Notice of Appeal

Notice is hereby given that Dmitry Vyatkin, plaintiff in the above named case, hereby appeal to the United States Court of Appeals for the Ninth Circuit from an order granting application to proceed in forma pauperius and dismissing the complaint entered in this action of the 12 day of November, 2013 under God.

    LV.
    pro se

Address: Timurovskaya Street, 9-76
    Saint-Petersburg, Russia 195297

*E-Filed: November 12, 2013*

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEC 2 3 2013

FILED_____
DOCKETED_____
DATE      INITIAL

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DMITRY VYATKIN, | No. C13-03725 HRL |
| Plaintiff, | **ORDER GRANTING APPLICATION** |
| v. | **TO PROCEED IN FORMA PAUPERIS** |
| INTEL CORPORATION, | **AND DISMISSING THE COMPLAINT** |
| Defendant. | |

Dmitry Vyatkin sues Intel Corporation pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Presently before the court is Plaintiff's application to proceed in forma pauperis. A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the plaintiff's financial resources alone and then independently determin[e] whether to dismiss the complaint." *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). Plaintiff's application indicates that his assets and income are insufficient to enable him to prosecute this action. Accordingly, his application to proceed without the payment of the filing fee is GRANTED.

However, the Court's grant of Plaintiff's IFP application does not mean that he may continue to prosecute his complaint. A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "[F]ederal courts [are] to liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). "Pro se plaintiffs proceeding IFP must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin*, 745 F.2d at 1228, n.9 (internal quotation marks omitted).

"In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies." *Sommatino v. U.S.*, 255 F.3d 704, 707 (9th Cir. 2001). "[F]ailure to file a timely EEOC administrative complaint is not a jurisdictional prerequisite to a Title VII claim, but it is merely a statutory requirement subject to waiver, estoppel and equitable tolling." *Id.* at 708 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). However, "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite." *Id.* "[W]here a plaintiff has never presented a discrimination complaint to the appropriate administrative authority . . . the district court does not have subject matter jurisdiction." *Id.*

The form complaint filled out by Plaintiff specifically asks for the date he filed charges with the Federal EEOC and the date he received the EEOC's Notice-of-Right-to-Sue letter. In the spaces provided, Plaintiff merely wrote "not applicable," suggesting that he has not filed a complaint with the EEOC. Nor does Plaintiff allege that he has presented his discrimination complaint to any other appropriate administrative agency. Accordingly, Plaintiff's complaint is dismissed with leave to amend.

Additionally, Plaintiff has failed to state a claim on which relief may be granted. Title VII generally prohibits an employer's refusal to hire an individual on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Here, however, Plaintiff merely alleges he was discriminated against because Intel refused to give a legal reason for not selecting him for an interview, and therefore, Plaintiff believes the reason is illegal. Furthermore, he concedes that the discrimination is on an "unknown basis." Plaintiff does not sufficiently allege a factual basis for the

2

1 conclusory allegation that he was discriminated against on the basis of race, color, religion, sex, or
2 national origin. Accordingly, the complaint is also dismissed with leave to amend on the grounds
3 that it fails to state a claim.
4     Should Plaintiff choose to file an amended complaint, Plaintiff is encouraged to first seek
5 administrative relief and then sufficiently allege that he has exhausted such administrative remedies.
6 Plaintiff must also specifically allege an impermissible basis for the discrimination, i.e. race, color,
7 religion, sex, or national origin, as well as provide some plausible factual basis to support his
8 assertion.
9     **IT IS SO ORDERED.**
10 Dated: November 12, 2013

                                        HOWARD R. LLOYD
                                        UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

3

**C13-03725 HRL Notice will be mailed to:**

Dmitry Vyatkin
Timurovskaya Street, 9-76
Saint Petersburg, Russia 195297
Russian Federation

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

## U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:13-cv-03725-HRL

Vyatkin v. Intel Corporation  
Assigned to: Magistrate Judge Howard R. Lloyd  
Cause: 28:1332 Diversity-Employment Discrimination

Date Filed: 08/12/2013  
Jury Demand: None  
Nature of Suit: 442 Civil Rights: Jobs  
Jurisdiction: Diversity

**Plaintiff**

**Dmitry Vyatkin**                   represented by **Dmitry Vyatkin**  
Timurovskaya Street, 9-76  
Saint Petersburg, Russia 195297  
Russian Federation  
7(911)9049883  
PRO SE

V.

**Defendant**

**Intel Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/12/2013 | 1 | COMPLAINT against Intel Corporation., No process., In forma pauperis pending., Filed by Dmitry Vyatkin. (Attachments: # 1 Envelope, # 2 Civil Cover Sheet)(dhmS, COURT STAFF) (Filed on 8/12/2013) (Entered: 08/19/2013) |
| 08/12/2013 | 2 | MOTION for Leave to Proceed in forma pauperis filed by Dmitry Vyatkin. (dhmS, COURT STAFF) (Filed on 8/12/2013) (Entered: 08/19/2013) |
| 08/12/2013 | 3 | **ADR SCHEDULING ORDER: Case Management Statement due by 11/5/2013. Case Management Conference set for 11/12/2013 01:30 PM in Courtroom 2, 5th Floor, San Jose. (Attachments: # 1 Standing Order)(dhmS, COURT STAFF) (Filed on 8/12/2013) (Entered: 08/19/2013)** |
| 09/30/2013 | 4 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Dmitry Vyatkin. (dhmS, COURT STAFF) (Filed on 9/30/2013) (Entered: 10/01/2013) |
| 10/28/2013 | 5 | Received Document: Conformed copies of document 3 ADR Scheduling Order, 1 Complaint and copy of standing order mailed back to the court by Dmitry Vyatkin. (dhmS, COURT STAFF) (Filed on 10/28/2013) (Entered: 11/01/2013) |
| 11/12/2013 | 6 | **ORDER by Judge Howard R. Lloyd GRANTING 2 Motion for Leave to Proceed in forma pauperis; DISMISSING the Complaint with leave to amend. (hrllc1, COURT STAFF) (Filed on 11/12/2013) (Entered: 11/12/2013)** |

USDC, San Jose
Northern District of California (San Jose)
280 S. First Street
San Jose, CA 95113